# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

| | |
|---|---|
| DEIDREA L. SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-4226-CV-C-NKL |
| ) | Crim. No. 02-4051-15-CR-C-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On May 16, 2003, Petitioner Deidrea L. Scott ("Scott") pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Scott was subsequently sentenced to forty-six months of custody to be followed by three years of supervised release. (11/07/03 Minute Entry [Doc. 24].) Scott has now filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 1].

In her habeas petition, Scott raises two closely related grounds for relief. First, Scott claims that her constitutional rights were violated when her sentence was enhanced on the basis of judge-found facts. Second, Scott claims that because she pleaded guilty only to the crime of distribution, and not to a specific amount of cocaine base, her offense level could not be based on the quantity of cocaine contained the presentence investigation. Each of these grounds for relief are based on the Supreme Court's holdings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *United States v. Booker*, 125 S. Ct. 738 (2005).

1

Those cases, taken together, stand for the proposition that defendants have a right to a jury trial on any disputed fact that increases the maximum punishment for the crime of conviction.

Even if Scott is correct that her sentence was improperly enhanced on the basis of judge-found facts, Scott's habeas petition must be denied because the rule set forth in *Blakely* and *Booker* does not apply retroactively to cases on collateral review. Although the Eighth Circuit has not considered the issue, the circuits that have are in agreement that *Blakely* and *Booker* do not apply retroactively in habeas cases. *See Lloyd v. United States*, ___ F. ___, 2005 WL 1155220 at *4 (3rd Cir. 2005) ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139 at 143-44 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). For the reasons discussed in those opinions, Scott's habeas petition must be denied.

After her petition for habeas relief was fully briefed, Scott filed a motion requesting that she be allowed to file an addendum to her habeas petition [Doc. 15]. In the addendum, Scott argues that her sentence should be invalidated because the "Boot Camp" program, for which she was eligible at the time of sentencing, has been cancelled. Scott points out that she would have been eligible for a six month reduction of her sentence if she had successfully completed the Boot Camp program.

The Court doubts that Scott can supplement her habeas petition at this late date, after the habeas petition has been fully briefed. But even if Scott were allowed to supplement her habeas petition, the ground for relief she asserts in her addendum is meritless. This Court has the authority only to recommend to the Federal Bureau of Prisons that a defendant be allowed to participate in the Intensive Confinement Program. *See* Judgment Order [Doc. 24] (stating that the Court "recommends to the Bureau of Prisons that [Scott] be placed in the Intensive Confinement Program when she becomes eligible." Even when the program was in operation, the Federal Bureau of Prisons had the exclusive authority to determine whether an inmate was eligible to participate. Scott may in fact have to serve a longer sentence than if she had successfully completed the program. But Scott, who did not complete the program, cannot seek a reduction of her sentence on the ground that the program has been cancelled.

Accordingly, it is

ORDERED that Scott's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 27, 2005
Jefferson City, Missouri